UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDREW HAMRICK,                          :
                                         :       NO: 1:05-CV-00509
    Plaintiff,                           :
                                         :
    v.                                   :       **OPINION AND ORDER**
                                         :
WEST CLERMONT LOCAL SCHOOL               :
DISTRICT, et al.,                        :
                                         :
    Defendants.                          :

This matter is before the Court on Plaintiff's Motion to Reconsider Opinion and Order Granting Defendants' Motion to Dismiss (doc. 22), and Defendants' Response in Opposition (doc. 25). The Court held a hearing on Plaintiff's Motion on September 28, 2006.

Plaintiff brought his case premised on the theory that he was wrongfully discharged from his employment as a substitute teacher in Defendant West Clermont School District ("West Clermont"), when West Clermont erroneously regarded him as disabled. West Clermont responded that it terminated Plaintiff's employment after it learned about threatening statements Plaintiff had made against a former employer. The Court found in its Order on June 9, 2006, that threats of violence are not protected under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), found no basis for Plaintiff's other state and federal claims, and concluded that Plaintiff's case should therefore be dismissed (doc. 20).

Plaintiff's Motion only addresses the dismissal of his claim pursuant to the ADA, arguing that the Court erred and does exactly what the ADA prohibits, by perpetuating "regarded as" stereotyping that Plaintiff is dangerous, based on a stale conversation with a therapist.  Plaintiff argued at the hearing that he made the statement seven years prior to his employment with Defendant.  Plaintiff argues that should the Court's Order stand, he effectively cannot work anywhere, which would be completely contrary to the purpose of the ADA.  Finally, Plaintiff argues the Court failed to construe all the facts liberally in his favor, thus resulting in an unfair decision.

Defendants argue that the Court did not err, because the record shows that Plaintiff communicated the threatening statement to other individuals than just his therapist (doc. 25). Defendants argue that even had Plaintiff only made the statement to his therapist, Sixth Circuit law shows that such threats could still validly serve as a basis for termination from employment (Id. citing Green v. Burton Rubber Processing, Inc., 30 Fed. Appx. 466, 468 (6th Cir. 2002)).

Having reviewed this matter, the Court finds Defendants' position well-taken.  Although the facts of this matter, particularly the passage of time, set it apart a bit from the facts in Green, the Court still finds the principles of Green instructive.  Threats of violence are not protected under the ADA.

2

The overwhelming weight of record evidence shows that Plaintiff made threats, and he expressed such threats to more people than just his therapist.  Moreover, Plaintiff's Complaint is premised on the theory that Defendants made "false and misleading statements" that Plaintiff "threatened and plotted to kill Ken Geis."  Clearly the record shows, and Plaintiff does not now deny, that he made the threats.  As such, the statement that Plaintiff threatened to kill Ken Geis is not false and misleading, but rather, true.

The Court cannot construe liberally in Plaintiff's favor the untruth expressed in his Complaint that Plaintiff did not make threats against Geis.  Nor can the Court give Plaintiff the inference he requests that he had "one isolated conversation," with his therapist when Plaintiff's own statements show otherwise.  Finally, the Court is not convinced that its decision will bar Plaintiff from seeking or obtaining alternative employment.

For these reasons, the Court DENIES Plaintiff's Motion to Reconsider Opinion and Order Granting Defendants' Motion to Dismiss (doc. 22).


SO ORDERED.


Date: October 3, 2006		/s/ S. Arthur Spiegel
				S. Arthur Spiegel
				United States Senior District Judge